Joseph J. Tabacco, Jr. (SBN 75484)
Kristin J. Moody (SBN 206326)
A. Chowning Poppler (SBN 272870)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Email: jtabacco@bermantabacco.com
         kmoody@bermantabacco.com
         cpoppler@bermantabacco.com

*Local Counsel for Plaintiff and the Proposed Class*

Patricia I. Avery (*pro hac vice* to be filed)
Hairong Basil (*pro hac vice* to be filed)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Email: pavery@wolfpopper.com
         hbasil@wolfpopper.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZARA LEVENTHAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STREAMLABS LLC.<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT, Cal. Civ. Code §§ 1750, *et seq.*; and**<br><br>2. **VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW, Cal. Bus. & Prof. Code § 17200, *et seq***<br><br><u>**CLASS ACTION**</u><br><br><u>**DEMAND FOR JURY TRIAL**</u> |

CLASS ACTION COMPLAINT

Plaintiff Zara Leventhal ("Plaintiff" or "Leventhal"), individually and on behalf of all others similarly situated, brings this action against Streamlabs LLC. ("Streamlabs" or "Defendant"), and alleges on information and belief, except as to the allegations that pertain to Plaintiff, which are based on personal knowledge, as follows:

**INTRODUCTION**

1. Plaintiff brings this class action on behalf of a nationwide class comprised of all persons in the United States who were unknowingly enrolled in Streamlabs Pro automatic renewal subscription and were then billed $5.99 per month for the subscription.

2. Streamlabs is a company that offers live streaming software that enables video streamers to broadcast their live stream on platforms such as YouTube and Twitch, and to monetize their broadcasts by collecting donations from viewers through third-party payment processors such as PayPal.

3. Consumers across the country often get unknowingly signed up for Streamlabs Pro auto-renewal subscription when they donate to streamers through Streamlabs and add a GIF or effect to that one-time donation. As a result, they unknowingly end up with recurring charges on their credit or debit cards from Streamlabs for months or even years, leaving them confused, angry, and stressed by the charges because Streamlabs failed to make them aware of the enrollment and automatic renewal nature of the subscription, the recurring charges as part of the automatic renewal plan, as well as the length of the automatic renewal period, and failed to obtain their affirmative consent to enrollment and the automatic renewal subscription before charging them.

4. As testament to Streamlab's deceptive business practices, online platforms such as Twitter, YouTube, and Reddit are exploding with negative reviews regarding Streamlab's deceiving practices. For example, in the comment sections of several YouTube videos discussing how to cancel Streamlabs Pro subscription, many people complained about their unknowing enrollment in Streamlabs Pro, as well as the surprising bills they received from Streamlabs for months. Similarly, Reddit contains many discussion threads titled "Streamlabs Charged me?," "Streamlabs Pro Subscription Warning," and "Charged 5.99$ without Consent on Streamlabs."

5. In August 2020, Plaintiff donated $5.00 to a streamer through Streamlabs and added a GIF or an effect to emphasize her donation alert. However, she was not made aware by Defendant that by adding a GIF or an effect to her one-time donation she was subscribing to Streamlabs Pro and that the subscription automatically renews on a monthly basis until it is cancelled. As a result, Plaintiff was automatically enrolled in a Streamlabs Pro subscription and since then, she had been charged $5.99 every month when the subscription automatically renewed. Plaintiff noticed a total charge of $59.90 on her PayPal account in May 2021. Shocked and confused, she contacted Streamlabs inquiring about the unexpected bills. Streamlabs agreed to cancel her Streamlabs Pro membership, but refused to refund her all of the recurring charges from the subscription.

6. Defendant's alleged conduct violates the California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1770(a)(5) and § 1770(a)(9), which, respectively, prohibits any person in a transaction intended to result or that results in the sale of services to any consumer to engage in unfair or deceptive acts or practices to (1) present that goods or services have characteristics which they do not have; and to (2) advertise goods or services with intent not to sell them as advertised.

7. Defendant's alleged conduct also violates the California Unfair Competition Law ("UCL"), California Civil Code § 17200, which prohibits any unlawful, unfair, or fraudulent business act or practice, or false, deceptive, or misleading advertising.

**PARTIES**

8. Plaintiff Zara Leventhal, is an individual and a resident of New York.

9. Defendant Streamlabs, is a California company with its headquarters in San Francisco (according to the company's LinkedIn profile) and principal offices at 7700 Gateway Blvd, Newark, California 94560 (according to the Statement of Information filed by Streamlabs with the California Secretary of State). Defendant is a software company that primarily distributes livestreaming software. Streamlabs is a subsidiary and one of the brands of Logitech International S.A., a Swiss corporation that acquired Streamlabs in 2019.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §1332, because the proposed class consists of 100 or more potential class members; the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and minimal diversity exists. Plaintiff is a citizen of New York and Defendant is a citizen of California (where Defendant has its principal office and under whose laws Defendant is organized).

11. This Court has personal jurisdiction over Defendant because its principal business office is in California. This Court has personal jurisdiction over Plaintiff because Plaintiff consents to this Court's jurisdiction.

12. Venue properly lies in this district pursuant to 28 U.S.C. §1391 because Defendant resides within this district within the meaning of 28 U.S.C. §1391.

## DIVISIONAL ASSIGNMENT

13. Pursuant to Northern District of California Civil Local Rules 3-2(c), 3-2(d), and 3-5(b), assignment to the San Francisco Division of this district is proper because Defendant's principal office is located in Alameda County, California.

## FACTUAL ALLEGATIONS

14. Streamlabs offers live streaming software that helps streamers to broadcast their live stream to platforms such as Twitch, YouTube, and Facebook.

15. Streamlabs enables streamers to create a tip page, which is also known as a donation page, to monetize their broadcasts by collecting money from viewers through third-party payment processors. Streamlabs currently allows viewers to donate through PayPal, Legacy PayPal, credit cards, UnitPay, and Skrill.

16. When setting up a tip page, streamers can manage the settings by, among other things, adjusting the suggested amount, setting minimum and maximum donation amounts, and enabling tipping presets. Streamers can also choose to turn off the "Allow Pro Viewers" and "Allow Pro Donation Gifs" options, which are selected by default.

17.     Unless "Allow Pro Viewers" and "Allow Pro Donation Gifs" options are manually disabled, a streamer's tip page will show viewers who donate ("Donators") an option to add a GIF or add an effect to their donation alerts, *viz.*:[1]



Source: https://streamlabs.com/content-hub/post/streamlabs-pro (last accessed January 7, 2022)

18.     Notably, Streamlabs has made changes to the wording and the design of a tip page over the years. The picture below shows what an old version looks like:



---

[1] Red boxes in the screenshots are in original.

*Source: https://streamlabs.com/content-hub/post/legacy-paypal-donation-setup (last accessed January 19, 2022)*

19. Adding a GIF or an effect is a feature that is exclusive to Streamlabs Pro members and the membership costs $5.99 per month. When the Donators choose to use a GIF or an effect, a $5.99 charge for a Streamlabs Pro subscription will be automatically added to the total payment to Streamlabs.

**Streamlabs Pro: An Automatic Renewal Subscription**

20. Unbeknownst to the Donators who add a GIF or an effect to their donation alerts, Streamlabs Pro subscription renews automatically every month for an additional calendar month. In addition, the subscription imposes a monthly $5.99 charge as part of the automatic renewal plan on their debit or credit cards until it is cancelled.

21. Specifically, when Donators enter a tip amount at the donation page and proceed with a GIF or an effect added to the donation alerts, they will be directed to a "Donation Confirmation" page ("Confirmation Page") to confirm the donation amount.

22. Underneath the donation amount, there is a line item showing an additional $5.99 charge for a Streamlabs Pro subscription, and a notice reads "You will be charged $5.99 per month by joining Streamlabs Pro, which allows you to add special effects and other features to your alerts. Click here for more information." This donation page does not state that the membership will automatically renew and that there will be an associated $5.99 per month charge as it does.

23. The $5.99 charge and the notice are both printed in a font that is smaller in size and lighter in color compared to the bolded font used for the donation amount, *viz*.:



*Source: https://streamlabs.com/content-hub/post/streamlabs-pro (last accessed January 7, 2022)*

24. Once the Donators confirm the donation amount and a $5.99 monthly charge for Streamlabs Pro, they will be taken to a third-party payment processor to finish the transaction.

25. The Confirmation Page, however, also does not disclose to the Donators that at the end of each subscription period, Streamlabs Pro will be automatically renewed for an additional month until it is cancelled. Neither does it disclose that Streamlabs will charge the subscribers a $5.99 monthly subscription fee on their credit or debit cards as it automatically renews.

26. If the Donators click on "Click here" link, they will be taken to a webpage (https://streamlabs.com/content-hub/post/streamlabs-pro) that explains the benefits, monthly cost, cancellation and refund policy of Streamlabs Pro subscription ("Streamlabs Pro Website"). The Streamlabs Pro Website, however, also does not disclose that Streamlabs Pro subscription is subject to monthly automatic renewal until it is cancelled. It also does not disclose that Streamlabs will keep charging Streamlabs Pro subscribers $5.99 per month on their credit or debit cards until the subscribers cancel the plan.

27. Streamlabs fails to present the automatic renewal function of Streamlabs Pro subscription, including the automatic renewal arrangement, the recurring charges as part of the automatic renewal plan, as well as the length of the automatic renewal period, in a clear and conspicuous way that call attention of Donators.

28. As explained above, from the moment Donators add a GIF or effect to their one-time tip amount to the moment they are charged by Streamlabs, they are not notified nor asked to give consent to the automatic renewal function of Streamlabs Pro subscription.

29. As a result, thousands of donators who subscribed to Streamlabs Pro have been unknowingly charged $5.99 per month when their subscription automatically renewed. Some of them were charged for the subscription for many months without realizing it.

30. Online platforms such as Reddit, Twitter, YouTube are filled with negative reviews on Defendant's practices.

31. For example, one post on Reddit states:

> *Recently I found out that I've been being charged for Streamlabs Pro for the last three months. Not only they subscribed me without any notice, they now refuse to have any contact with me regarding the refund and cancellation… …*

*Source: https://www.reddit.com/r/youtubegaming/comments/gmtpol/streamlabs_pro_scam/ (last accessed January 7, 2022)*

32. In the comment section of a YouTube video titled "Streamlabs 5.99 charge – Cancel" (*https://www.youtube.com/watch?v=4co_8H6ruGY&t=105s*), people made similar complaints about their unknowing enrollment in Streamlabs Pro, as well as the surprising bills they received from Streamlabs for months.

33. Defendant was aware of the various Donators' complaints about the recurring charges for Streamlabs Pro subscription in, at the latest, early 2019. But it has not taken any effective measures to ensure Donators are made aware of the automatic renewal nature of Streamlabs Pro. Neither has it changed its billing practices to obtain affirmative consent from the Donators before it places monthly charges on their credit or debit cards.

34. For instance, under a Twitter thread posted in 2017, many Twitter users tagged Defendant's official Twitter account and complained about the $5.99 monthly charges on their credit or debit cards for Streamlabs Pro. Defendant's official account on Twitter responded to most of the complaints.

35. One complaint posted on May 3, 2019 reads:

> I was just charged $6 for unkowingly [sic] being a Streamlabs Pro member. I didn't even know it existed at all?! All I have been using Streamlabs for so far has been opening it up, and starting streams. Not even clicked anything that allowed me to be charged D [sic]:

Another one posted on May 6, 2019 reads:

> What the actual hell guys? I was charged for a pro service that I never signed up for. If you automatically sign people up who donate that seems mighty unscrupulous. I will need my refund back for the last two months or I will have to report this to the proper authorities.

*Source: https://twitter.com/streamlabs/status/908792641986449408?lang=en (last accessed January 11, 2022)*

**Experiences with Streamlab Pro Automatic Renewal Subscription**

<u>Plaintiff Zara Leventhal</u>

36. On August 10, 2020, Leventhal donated $5.00 to a streamer with her personal PayPal account through Streamlabs.

37. The donation page gives her an option to add a GIF or an effect to her donation alert. Although the page says "PRO" on top of all the GIFs and effects, it does not explain what it means nor how much it costs. The tip page also does not contain any information about Streamlabs Pro subscription, such as its automatic renewal feature, the cost of each renewal, the future monthly charges on a subscriber's credit or debit cards, the cancellation policy, and the length of the renewal term. Below is a picture that matches what the tip page looked like when Leventhal donated:

//
//
//



38. Without knowing that she would be automatically signed up for Streamlabs Pro subscription and that she would be charged every month when the subscription automatically renews, Leventhal added a GIF or an effect to her donation alert and proceeded to checkout.

39. At the confirmation page, Streamlabs again failed to disclose any information about the automatic renewal function of Streamlabs Pro subscription. As a result, Leventhal made the payment without knowing that she would be charged $5.99 per month for the subscription until she cancels the plan.

40. On the same day, in addition to the $5.00 she tipped to the streamer, Leventhal was also billed $5.99 by Streamlabs for Streamlabs Pro enrollment through PayPal. Since then, Plaintiff had been charged $5.99 every month by Streamlabs when the subscription automatically renewed.

41. Leventhal did not realize the recurring charges until May 2021, when she received an email about the recurring charges from PayPal. She was shocked because she did not even have an account with Streamlabs at the time. In an attempt to cancel the subscription, she created an account on Streamlabs with the same email that was linked to her PayPal account. But she could not find a way to cancel the subscription.

42. On May 10, 2021, Leventhal reached out to Streamlabs customer support to inquire about the charges by Streamlabs. She informed them that she had never agreed to enroll in any Streamlabs subscriptions and that she had been completely unaware of the charges.

43. By that time, Streamlabs had already charged her a total of $59.90 for the subscription, which had been automatically renewed monthly for ten months.

44. On May 12, 2021, the Streamlabs representative responded that they would cancel Leventhal's Streamlabs Pro subscription but refused to refund her beyond $5.99 for the most recent subscription. In addition, the representative told her to avoid being automatically signed up for Streamlabs Pro, she should "make sure to not toggle on Pro effects or GIFs" when she donates.

Other Consumers Experiences

45. Just like Leventhal, there have been thousands of consumers who share similar experiences with Streamlabs Pro. Online forums such as Reddit, YouTube, and Twitter are filled with complaints by the Donators who have been unknowingly charged for Streamlabs Pro subscription for months.

46. For instance, on Reddit, a donator posted:

> Did a donation to a twitch streamer I was watching a few months back, but I don't remember signing up for a 5.99$ per month subscription. Just found out now and good thing it has only been two months of charges without my consent. Did a bit of research and this has been an ongoing issue for years. A thread I came upon has one of the Streamlabs staff replying that they are hoping to find a fix. Well it's already been years and people are still having this issue.
>
> Are they not fixing this obviously because they are earning a lot from accidental signups? Which I think is yes because there has a lot of reports, discussions about it even from years ago, up to now. This just means there's obviously wrong with the donation system. This is not even counting people that are not aware of this issue and has recurring charges without any of their consent… …

Source:https://www.reddit.com/r/Twitch/comments/gx81kl/charged_599_without_consent_on_streamlabs/ (last accessed January 11, 2022)

47. On Twitter, people's accounts of their experiences are no different:

> If you[']ve ever donating to a creator and used Streamlabs you may want to check if you automatically got signed up for their more premium service... since you already gave them your credit card info they just use that to sign you up for Streamlabs at $5 a month.
>
> Did it to me.

*Source:* https://twitter.com/GraysenMack/status/1460748139736944640 *(last accessed January 11, 2022)*

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this suit as a class action on behalf of herself and all other similarly situated pursuant to Fed. R. Civ. P. 23. This action may be properly maintained as a class action, as it satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Fed. R. Civ. P. 23.

49. Plaintiff seeks to represent a nationwide class comprising of all persons in the United States who were charged by Defendant when they were unwittingly enrolled in a Streamlabs Pro subscription that automatically renews and charges them monthly (the "Class").

50. Upon completion of discovery with respect to scope of the Class, Plaintiff reserves the right to amend the Class definitions. Excluded from the Class are Defendant, its parents, its subsidiaries and affiliates, directors and officers, and members of their immediate families.

51. While the exact number of members cannot be determined, the Class consists of, at a minimum, thousands, of persons across the United States that were charged $5.99 per month for Streamlabs Pro subscription that renews automatically. The members of the Class are therefore so numerous that joinder of all members is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

52. There are common questions of law and fact exist as to all members of the Class, including, but not limited to:

    a.    whether Streamlabs Pro is a plan in which a paid subscription renews automatically at the end of the service period for another month;

    b.    whether Defendant conceals the automatic renewal nature of Streamlabs Pro subscription;

  c. whether Defendant's conduct violated the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §1750, et esq.;

  d. whether Defendant's conduct constituted an unfair, unlawful, and/or fraudulent business practice in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.;

  e. whether Defendant's conduct damaged members of the Class and, if so, the measure of those damages; and

  f. whether Defendant's practices in connection with its misrepresentation of Streamlabs Pro subscription should be enjoined.

53. Plaintiff's respective claims are typical of the claims of the Class because Plaintiff and all Class members have sustained damages arising out of Streamlabs's common course of conduct as outlined herein. The damages of each member of the Class were caused and are continuing to be caused by Streamlab's business practices.

54. Plaintiff will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4). Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in litigation of this type, and class action litigation in particular. Plaintiff has no interests antagonistic to those of other Class members.

55. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because the Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

56. Class certification is also appropriate under Federal Rule of Civil Procedure 23(b)(3).

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the respective Class members to seek redress for the wrongful conduct alleged. Plaintiff's

counsel, highly experienced in class action litigation, foresees little difficulty in the management of this case a class action.

## CAUSES OF ACTION

### COUNT I

### Violation of the California Consumers Legal Remedies Act

### Cal. Civ. Code §§ 1750, et esq.

58. Plaintiff hereby incorporates by reference all allegations made in the previous paragraphs.

59. The conduct of Defendant alleged above constitutes an unfair or deceptive acct or practice in violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §1750, et seq.

60. Cal. Civ. Code §1761(c) defines a "person" as "an individual, partnership, corporation, limited liability company, association, or other group, however organized." Defendant is a person as defined by Cal. Civ. Code §1761(c).

61. Cal. Civ. Code § 1761(d) defines a "consumer" as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Plaintiff and Class members are consumers as defined by Cal. Civ. Code § 1761(d).

62. Cal. Civ. Code § 1761(e) defines a "transaction" as "an agreement between a consumer and another person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement." Plaintiff's enrollment to Streamlabs Pro subscription was a transaction under Cal. Civ. Code § 1761(e).

63. The California Consumers Legal Remedies Act ("CLRA") prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale . . . of services to any consumer," which, among other instances enumerated in the CLRA, include: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have …." (§ 1770(a)(5)); or "Advertising goods or services with intent not to sell them as advertised" (§ 1770(a)(9)).

64. Defendant's conduct complained of herein violates Cal. Civ. Code § 1770(a)(5) in that Defendant misrepresented that Streamlabs Pro had the characteristic of being a one-time purchase, which in fact it did not have.

65. As described above, when Donators add a GIF or an effect to their donation alerts, they will see a line item showing the $5.99 cost for Streamlabs Pro and a notice stating the $5.99 covers a month worth of service on the Confirmation Page. This presentation is misleading because it creates an impression that Streamlabs will only impose on them a one-time charge of $5.99 for using Streamlabs Pro service. However, the truth is that after the first month, Streamlabs Pro automatically renews on a monthly basis, resulting in repeated charges on Donators' credit or debit cards for its service until the subscription is cancelled.

66. Defendant's conduct complained of herein violates Cal. Civ. Code § 1770(a)(9) in that knowing Streamlabs Pro will be automatically renewed every month until it is cancelled, it still deceptively advertised Streamlabs Pro as a service that costs $5.99 per month.

67. As described above, Defendant advertised that the monthly fee for Streamlabs Pro is $5.99. However, Defendant did not intend to sell Streamlabs Pro as advertised because it knew that the potential cost of Streamlabs Pro is likely to go beyond $5.99 until the subscription is cancelled because it automatically renews.  In reality, after Defendant charges Donators $5.99 for using Pro features in the first month, it will continue to charge them every month without providing advance notice thereof or obtaining any authorization or consent from Donators until the subscription is cancelled.

68. The presentations set forth above are of material facts that a reasonable consumer would have considered important in deciding whether to use a GIF or an effect to their donation alerts and to get enrolled in Streamlabs Pro. Plaintiff and class members justifiably relied upon Defendant's misrepresentations to their detriment.

69. Plaintiff and the other members of the Class have been, and continue to be, injured as a direct and proximate result of Streamlabs's violations of Cal. Civ. Code §1770.

70. Plaintiff is entitled to pursue a claim against Defendant on behalf of the Class to enjoin Defendant from continuing its unfair or deceptive acts or practices under Cal. Civ. Code

§ 1780(a) and § 1781, as well as to pursue costs and attorneys' fees under § 1780(e).

71. Under the requirements of Cal. Civ. Code 1782(a), Plaintiff is serving on Defendant a CLRA notice letter. If Defendant does not rectify these issues within the time period provided by the CLRA, Plaintiff will amend this Complaint to assert claims for additional relief.

## COUNT II

**Violation of the California Unfair Competition Law**

**Cal. Bus. & Prof. Code §§ 17200, et seq.**

72. Plaintiff hereby incorporates by reference all allegations made in the previous paragraphs.

73. Plaintiff asserts this cause of action against Defendant for unlawful, unfair and fraudulent business practices; and unfair, deceptive, and misleading advertising, as defined by California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL").

74. Defendant's conduct violates the UCL, as the acts and practices of Defendant constitute a common and continuing course of conduct by means of "unlawful," "unfair" and "fraudulent" business acts or practices within the meaning of the UCL.

75. Defendant's conduct is fraudulent and thus amounts to unfair competition as set forth in the UCL, in that Defendant conceals the fact that Streamlabs Pro subscription will automatically renew on a monthly basis for another month and will impose recurring charges as part of the automatic renewal plan until cancelled. The lack of disclosure has deceived, and is likely to continue to deceive thousands of Donators.

76. As described above, when Donators add Pro effects or GIFs to their donation alerts on the tip page, they will be taken to the Confirmation Page in which a $5.99 Streamlabs Pro subscription fee is automatically added to the total amount of the charge. The Confirmation Page also contains a link, which is embedded in a notice about the $5.99 monthly charge, to the Streamlabs Pro Website that covers some features of Streamlabs Pro subscription.  Nowhere on the tip page, the Confirmation Page, or the Streamlabs Pro Website does Defendant disclose to the Donators that at the end of the service period, Streamlabs Pro will automatically renew for an additional month and will continue to do so until cancelled; nor does Defendant disclose that the

1  renewal will impose recurring charges to their credit or debit cards through PayPal or other third
2  party payment processors until the subscription is cancelled. As a result of Defendant's actions,
3  Plaintiff and members of the Class have been unknowingly charged $5.99 per month when their
4  Streamlabs Pro subscription automatically renewed.

5        77.    Defendant's conduct is unlawful, and thus amounts to unfair competition as set
6  forth in the UCL, in that it violates, among other things, California Civil Code §§ 1572, 1709 and
7  1710, as well as California Business & Professions Code § 17500.

8        78.    Defendant willfully deceived Plaintiff and Class members by omitting to disclose
9  the automatic renewal function of Streamlabs Pro subscription and misrepresenting the potential
10 cost of signing up for Streamlabs Pro automatic renewal subscription until it is cancelled with the
11 intent to induce them to alter their positions to their injury. Defendant's suppression of the
12 automatic renewal terms of Streamlabs Pro, as well as its representation about the cost of
13 Streamlabs Pro on the Confirmation Page and the Streamlabs Pro Website were misleading. Also,
14 Defendant knew, or by exercising reasonable care should have known, such representations were
15 misleading.

16       79.    As described above, Defendant failed to make Plaintiff and the Class members
17 aware of the automatic renewal nature of Streamlabs Pro subscription, such as the automatic
18 renewal arrangement and the recurring charges on their credit or debit cards as part of the
19 automatic renewal plan. By virtue of the omission, Plaintiff and the Class members were misled
20 to believe that the $5.99 fee imposed by Defendant is a one-time, instead of repeating charges for
21 Streamlabs Pro service.

22       80.    Defendant's representations about Streamlabs Pro were motivated by an intent to
23 deceive, and to lure Donators into unknowingly signing up for the membership. Also, Defendant
24 was well aware that its representations about Streamlabs Pro are misleading. As mentioned above,
25 Defendant learned about Donators' complaints about their unknowing enrollment in Streamlabs
26 Pro from Twitter since 2019, if not before. But over the past three years, Defendant has not taken
27 any effective or meaningful measures to disclose the automatic renewal feature of the
28 subscription as of today. Defendant's intent to deceive and to lure Donators into subscribing to

Streamlabs Pro can also be evidenced by its attempt to deviate their attention from the monthly fee for the subscription: on the Confirmation Page, both the $5.99 monthly subscription fee and the notice about the fee are printed in a font size that is smaller than the surrounding text about the tip amount; in addition, the color of the text is lighter than the text used for the tip amount.

81. Defendant knowingly placed recurring monthly charges and retained wrongful funds from Plaintiff and members of the Class. Therefore, the Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

82. Defendant's conduct is unfair, and thus amounts to unfair competition as set forth in the UCL, in that it is immoral, unethical, oppressive, unscrupulous and substantially injurious to the Donators who end up with unexpected, continuous charges that cause financial distress. Thousands of consumers in the nation have been paying for a service that they don't believe they are enrolled in and therefore, don't use.

83. As a direct and proximate cause of Defendant's violations of the UCL, Plaintiffs and the Class suffered an injury in fact and have suffered monetary harm. Defendant, on the other hand, has been unjustly enriched and should be required to make restitution to Plaintiff and the class pursuant to Business & Professions Code § 17203.

84. A constructive trust should be imposed upon all wrongful or inequitable proceeds received by Defendant traceable to Plaintiff and members of the Class.

85. Plaintiff and the Class seek equitable relief because they have no other adequate remedy at law. Absent equitable relief, Defendant will continue to injure consumers, and harm the public's interest.

86. Plaintiff further seeks an order enjoining Defendant from engaging in any unlawful or inequitable acts and practices as alleged herein, because of Defendant's continuing misrepresentations and improper business practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that the Court award the following relief:

a. Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23;

b. Appoint Plaintiff as representative of the Class, and designate the undersigned as Class Counsel;

c. Declare Defendant's conduct unlawful and enter an order enjoining the Defendant from continuing to engage in the conduct alleged herein;

d. Award Plaintiff and the Class damages under common law and by statute;

e. Grant Plaintiff and the Class payment of the costs of prosecuting this action, including expert fees and expenses;

f. Grant Plaintiff and the Class payment of reasonable attorneys' fees; and

g. Grant such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class members demand a trial by jury on all triable issues.

DATED: March 2, 2022                                  Respectfully submitted,

**BERMAN TABACCO**

By:   */s/ Kristin J. Moody*
        Kristin J. Moody

Joseph J. Tabacco, Jr.
A. Chowning Poppler
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6282
Email: jtabacco@bermantabacco.com
         kmoody@bermantabacco.com
         cpoppler@bermantabacco.com

*Attorneys for Plaintiff and the Proposed Class*

<sub>Patricia Avery</sub>
Hairong Basil
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
Email: pavery@wolfpopper.com
　　　　hbasil@wolfpopper.com

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT　　　　19