Kristin J. Moody (SBN 206326)
Alexander S. Vahdat (SBN 284963)
BERMAN TABACCO
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6282
Email: kmoody@bermantabacco.com
           avahdat@bermantabacco.com

*Local Counsel for Plaintiff and the Proposed Class*

Patricia I. Avery (admitted *Pro Hac Vice*)
Philip M. Black (SBN 308619)
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Email: pavery@wolfpopper.com
           pblack@wolfpopper.com

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ZARA LEVENTHAL, individually and on behalf of all others similarly situated, | ) ) ) Case Number: 3:22-cv-01330-LB ) |
| Plaintiff, | ) ) |
| vs. | ) **PLAINTIFF'S NOTICE OF MOTION** ) **FOR CONDITIONAL CLASS** ) **CERTIFICATION, PRELIMINARY** |
| STREAMLABS, LLC, | ) **APPROVAL OF CLASS ACTION** ) **SETTLEMENT, AND MEMORANDUM** |
| Defendant. | ) **OF POINTS AND AUTHORITIES IN** ) **SUPPORT THEREOF** ) |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... iii

NOTICE OF UNOPPOSED MOTION ...........................................................................v

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

I.     INTRODUCTION .................................................................................................1

II.    BACKGROUND ...................................................................................................1

    A.    Plaintiff's Allegations ...............................................................................1

    B.    Procedural History .....................................................................................2

    C.    Mediation and Settlement Negotiations ....................................................3

III.   SUMMARY OF THE PROPOSED SETTLEMENT ............................................3

    A.    The Settlement Class .................................................................................3

    B.    Settlement Benefits ...................................................................................4

    C.    Release .......................................................................................................4

    D.    Notice Plan ................................................................................................4

    E.    The Claim Administrator and Administration Expenses ...........................5

    F.    Attorneys' Fees and Expenses, and Incentive Award for the
        Representative Plaintiff ..............................................................................6

IV.    ARGUMENT ........................................................................................................6

    A.    Standards for Preliminary Approval of the Settlement .............................6

    B.    The Court Will Likely Be Able to Certify the Settlement Class ..............7

        1.    The Settlement Class Members Are Too Numerous to Be Joined .............8

        2.    Common Questions of Law and Fact Predominate ....................................8

        3.    Plaintiff's Claims Are Typical of the Class ...............................................8

        4.    Plaintiff and Plaintiff's Counsel Will Fairly and Adequately
            Protect the Interests of the Class ...............................................................9

        5.    Common Issues of Law and Fact Predominate for Settlement Purposes ..10

        6.    A Class Action is Superior to Other Available Means of Adjudication ....10

    C.    The Proposed Settlement Is Fair, Reasonable, and Adequate ...............11

        1.    The Proposed Settlement Resulted from Arms' Length Negotiations by
            Experienced and Informed Counsel .........................................................12

        2.    Plaintiff and Plaintiff's Counsel Have Adequately Represented
            the Settlement Class ..................................................................................13

3.    The Settlement Provides Adequate Relief ................................................ 13

4.    The Proposed Settlement Treats Settlement Class Members Equitably .... 15

D.    The Proposed Notice Plan Should Be Approved .................................................... 16

V.    PROPOSED SCHEDULE .............................................................................................. 17

VI.    CONCLUSION ................................................................................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods. v. Windsor*,
  521 U.S. 591 (1997) ............................................................................................ 10, 11

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ..................................................................................... 14

*Churchill Vill., L.L.C. v. GE*,
  361 F.3d 566 (9th Cir. 2004) ..................................................................................... 17

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013) ...................................................................................................... 7

*Deatrick v. Securitas Sec. Servs. USA, Inc.*,
  No. 13-cv-05016-JST, 2016 U.S. Dist. LEXIS 132746
  (N.D. Cal. Sept. 27, 2016) .......................................................................................... 12

*Des Roches v. Cal. Physicians' Serv.*,
  320 F.R.D. 486 (N.D. Cal. 2017) ................................................................................. 8

*Estrella v. Freedom Fin'l Network*,
  No. C 09-03156 SI, 2010 U.S. Dist. LEXIS 61236 (N.D. Cal. June 2, 2010) ................ 8

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012) ..................................................................................... 9

*Frank v. Eastman Kodak Co.*,
  228 F.R.D. 174 (W.D.N.Y. 2005) ............................................................................... 15

*Gatchalian v. Atl. Recovery Sols., LLC*,
  No. Case No. 22-cv-04108-JSC, 2023 U.S. Dist. LEXIS 205823
  (N.D. Cal. Nov. 16, 2023) ............................................................................ 7, 10, 11, 12

*Gen. Tel. Co. of Sw. v. Falcon*,
  457 U.S. 147 (1982) ..................................................................................................... 9

*Guzman v. Polaris Indus., Inc.*,
  345 F.R.D. 174 (C.D. Cal. 2023) ............................................................................... 10

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................................ 7, 11

*Harris v. Vector Mktg. Corp.*,
  No. C-08-5198 EMC, 2011 U.S. Dist. LEXIS 48878 (N.D. Cal. Apr. 29, 2011) ........... 16

*Kissel v. Code 42 Software, Inc.*,
  No. SACV 15-1936-JLS (KES), 2017 U.S. Dist. LEXIS 223526 (C.D. Cal. Oct. 4, 2017) ......... 14

*Knutson v. Schwan's Home Serv.*,
  Case No.: 3:12-cv-00964-GPC-DHB, 2014 U.S. Dist. LEXIS 99637 (S.D. Cal. July 14, 2014) ...... 15

*Leyva v. Medline Indus., Inc.*,
  716 F.3d 510 (9th Cir. 2013) ..................................................................................... 11

*Noll v. eBay, Inc.*,
  309 F.R.D. 593 (N.D. Cal. 2015) ............................................................................... 14

*Officers for Justice v. Civil Service Comm'n of the City & Cnty. of San Francisco*,
  688 F.2d 615 (9th Cir. 1982), *cert. denied* 459 U.S. 1217 (1983) ............................ 12

*Rannis v. Recchia*,
  380 F. App'x 646 (9th Cir. 2010) ................................................................................. 8

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................... 7

*Stearns v. Ticketmaster Corp.*,
    655 F.3d 1013 (9th Cir. 2011) ............................................................................ 10

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008) ............................................................................. 7

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................. 12

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................... 1

Fed. R. Civ. P. 23(a)(3) ................................................................................................ 8

Fed. R. Civ. P. 23(a)(4) ................................................................................................ 9

Fed. R. Civ. P. 23(b)(3) .............................................................................................. 16

Fed. R. Civ. P. 23(c)(2)(B) .................................................................................. 16, 17

Fed. R. Civ. P. 23(c)(3) .............................................................................................. 16

Fed. R. Civ. P. 23(e) .................................................................................................... 7

Fed. R. Civ. P. 23(e)(1)(B) ........................................................................................ 16

Fed. R. Civ. P. 23(e)(2) .............................................................................................. 11

Fed. R. Civ P. 23(e)(2)(B) ........................................................................................... 7

Fed. R. Civ. P. 23(e)(2)(D) ........................................................................................ 15

**Codes**

Cal. Civ. Code §§1750 et seq. ...................................................................................... 2

**Other Authorities**

5 Moore's Federal Practice—Civil § 23.22 (2016) ....................................................... 8

Newberg on Class Actions § 13:15 (5th ed.) .............................................................. 14

## NOTICE OF UNOPPOSED MOTION

**PLEASE TAKE NOTICE** that at 9:30 a.m. on Thursday, August 29, 2024 or as soon thereafter as available, in the courtroom of Magistrate Judge Laurel Beeler of the above-captioned Court, located at the San Francisco Courthouse, Courtroom B – 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Zara Leventhal will and hereby does move this Court, pursuant to Fed. R. Civ. P. 23(e), for entry of an order: (1) conditionally certifying the class for settlement and appointing class counsel; (2) preliminarily approving the proposed settlement of this litigation (the "Settlement"); (3) directing notice of the proposed Settlement to the Class defined in the Settlement Agreement annexed as Exhibit A to the Declaration of Philip M. Black in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Black Decl."), submitted herewith; and (4) setting a schedule for settlement proceedings, including final approval of the proposed Settlement.

This Motion is based on this Notice of Motion, the incorporated Memorandum of Points and Authorities, the Settlement Agreement and the accompanying exhibits, the pleadings and papers filed in this action, and any other matters this Court may consider.

Defendant does not oppose the motion.

DATED:  July 25, 2024                    Respectfully submitted,

                                         /s/ Patricia I. Avery
                                         Patricia I. Avery (admitted *Pro Hac Vice*)
                                         Philip M. Black (SBN 308619)
                                         **WOLF POPPER LLP**
                                         845 Third Avenue
                                         New York, NY 10022
                                         Telephone: (212) 759-4600

                                         *Attorneys for Plaintiff and the Proposed Class*

                                         Kristin J. Moody (SBN 206326)
                                         Alexander S. Vahdat (SBN 284963)
                                         **BERMAN TABACCO**
                                         425 California Street, Suite 2300
                                         San Francisco, CA 94104
                                         Telephone: (415) 433-3200
                                         Facsimile: (415) 433-6282

                                         *Local Counsel for Plaintiff and the Proposed Class*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

After two years of litigation, the Parties have reached an agreement to settle this Action on a class-wide basis.[1]  Pursuant to the terms of the Settlement Agreement, Defendant Streamlabs, LLC will create a $4.4 million common Settlement Fund to reimburse Class Members who were allegedly deceived into enrolling in Defendant's "Streamlabs Pro" automatic renewal subscription.  Settlement Class Members who submit a Valid Claim will receive a payment for their pro rata share of the Net Settlement Fund, based on the number of monthly payments they made to Streamlabs during the period March 3, 2018 through May 17, 2022 (the "Class Period"). In sum, this straightforward Settlement enables those harmed by Defendant's allegedly unfair and deceptive business practices to receive a meaningful recovery—up to a full refund.

The proposed Settlement Class satisfies all requirements for conditional class certification, and the proposed Settlement is in the best interests of all Settlement Class Members because it is clearly within the range of fairness, reasonableness, and adequacy required by Fed. R. Civ. P. 23. Plaintiff therefore requests that the Court grant the Preliminary Approval Order, certify the Settlement Class, approve the proposed schedule set forth below, and direct that Notice be distributed to the Settlement Class Members in accordance with the proposed Notice Plan.

## II.    BACKGROUND

### A.    Plaintiff's Allegations

The Action alleges, on behalf of a nationwide class, that Streamlabs deceived consumers into signing up for a subscription product, Streamlabs Pro, that has an automatic monthly fee.  *See* ¶1.2. Streamlabs allows content creators to stream their videos on platforms (such as YouTube) and to collect donations from viewers through third-party payment processors (such as PayPal).  *Id.* Streamlabs Pro allows donors to add GIFs or other effects (such as hearts, stars, or confetti) to messages that accompany the viewers' donations.  *Id.*  Plaintiff alleged she added a GIF and was

---

[1] Unless otherwise noted, capitalized terms used in this Memorandum are defined in the Settlement Agreement dated July 17, 2024 ("Agreement" or "Settlement Agreement").  Unless otherwise noted, all citations to "¶ __" refer to the Agreement.

1   automatically enrolled in Streamlabs Pro at a monthly fee of $5.99. *Id.* Plaintiff alleged Streamlabs'

2   conduct was deceptive because it suggested that Streamlabs Pro was a one-time fee and did not

3   disclose that the $5.99 monthly fee would renew automatically, in violation of the California

4   Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§1750 et seq., and the California Unfair

5   Competition Law ("UCL"), Cal. Bus. & Prof. Code §§17200 et seq. *See id.*

6       **B.    Procedural History**

7       Prior to commencing this Action, Plaintiff's Counsel undertook a thorough and extensive

8   investigation of Streamlabs and Streamlabs Pro, involving the detailed analysis of Defendant's website

9   and product offerings, including its purchase and enrollment procedures, and its disclosures;

10  Defendant's business operations, including its acquisition by Logitech in 2019; Defendant's marketing

11  techniques and strategies; and a comprehensive review of the various customer complaints levied

12  online against Streamlabs and Streamlabs Pro. Black Decl., ¶ 6.

13      Plaintiff, through Plaintiff's Counsel, filed this putative class action in the United States

14  District Court for the Northern District of California on March 2, 2022. ECF 1. Plaintiff filed her

15  Amended Class Action Complaint on July 5, 2022 (the "Complaint"). ECF 31. On August 15, 2022,

16  Defendant filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 9(b), 12(b)(6) and 12(e).

17  ECF 32. Plaintiff filed her brief in opposition to Defendant's motion on September 28, 2022 (ECF 39),

18  and Defendant subsequently filed its reply on October 13, 2022 (ECF 43). The Court heard oral

19  argument on the motion to dismiss on December 22, 2022 and on December 23, 2022, the Court

20  entered an Order denying Defendant's motion in its entirety. ECF 54.

21      The parties engaged in contested discovery efforts. Both parties served their Initial Disclosures

22  on January 12, 2023. Defendant served its first set of discovery requests on May 9, 2023; Plaintiff

23  responded on June 8, 2023, and substantially completed her production of documents soon thereafter.

24  Plaintiff served interrogatories and requests for production on February 23, 2023. Defendant

25  responded initially on March 27, 2023. Following multiple conferences, Defendant provided

26  supplemental responses on May 31, 2023, along with a production of certain documents. On July 24,

27  2023, Plaintiff served Defendant with a deposition notice under Rule 30(b)(6); Defendant served its

28  objections thereto on October 23, 2023. After additional meet and confer efforts, on September 18,

2023, Streamlabs served its Second Supplemental Responses to the Plaintiff's First Set of Interrogatories, Second Supplemental Responses to Plaintiff's First Set of Requests for Production, and produced additional documents. Streamlabs also produced a privilege log. Plaintiff sent a draft of a discovery dispute letter to Defendant on September 27, 2023 and requested a discovery conference if the parties' upcoming mediation session was unsuccessful.[2]

### C.    Mediation and Settlement Negotiations

On September 28, 2023, the Parties' Counsel attended a lengthy mediation session before the experienced and respected John Bates of JAMS, which was informed by the comprehensive mediation statements prepared by the parties and submitted to the mediator.  The mediation session was constructive, albeit unsuccessful. However, the Parties continued settlement negotiations with Mr. Bates serving as an intermediary. In November 2023, after weeks of numerous conference calls and lengthy email correspondence, the Parties reached a tentative, arms' length resolution of this Action, facilitated by Mr. Bates.

## III.    SUMMARY OF THE PROPOSED SETTLEMENT

### A.    The Settlement Class

If approved, the Settlement would offer monetary relief to the following proposed Settlement Class:

> All Persons in the United States who, during the period March 3, 2018 through May 17, 2022, were enrolled in a Streamlabs Pro automatic renewal subscription after adding a GIF or effect to their donation, and were then billed a monthly fee for the subscription (after their first charge for their initial GIF or effect).

Settlement Agreement, ¶2.32.[3]

---

[2] Plaintiff was preparing to file a motion to compel concerning Defendant's failure to produce the following: (1) pertinent financial information; (2) customer complaints in Defendant's file-storage database; (3) a comprehensive privilege log compliant with Rule 2.1 of Judge Beeler's Standing Order; and (4) a Rule 30(b)(6) witness.

[3] The proposed Settlement Class consists of the same consumers as the class defined in the Complaint: "All persons in the United States who were enrolled in the Streamlabs Pro automatic renewal subscription after adding a GIF or effect to their donation, and were then billed $5.99 per month for the subscription." Complaint, ¶52.  The time period included in the definition of the Settlement Class

## B.    Settlement Benefits

Under the terms of the Settlement, Defendant will pay $4.4 million into a Settlement Fund. ¶1.9. Each Authorized Claimant will receive a payment for their *pro rata* share of the Net Settlement Fund (i.e., the Settlement Fund, less the amount of attorneys' fees, costs, and expenses awarded to Plaintiff's Counsel and the amount of any Incentive Award to the Plaintiff approved by the Court). ¶¶2.18, 4.5. Any remainder from uncashed funds shall be distributed to The AbleGamers Foundation Inc. ("AbleGamers"), a §501(c)(3) non-profit charitable organization (i.e. *cy pres*), subject to Court approval.[4] ¶4.10. No proof of claim requiring receipts or other documentary proof of payments will be required from class members; instead, class members will simply fill out a claim form and their claims will be verified using subscriber and payment data provided by Streamlabs. ¶4.3.

Furthermore, Streamlabs acknowledges that, subsequent to the filing of this Action, Streamlabs updated its website partly in response to Plaintiff's CLRA Demand Letter and also in an effort to ensure the pages meet CLRA standards as permitted by Civil Code § 1782(e). ¶3.1. Streamlabs agrees that it will not revert to prior versions of its website. *Id.*

## C.    Release

In exchange for the monetary relief provided under the Settlement, Plaintiff and each Settlement Class Member will be deemed to have released claims relating to any alleged conduct relating to the disclosures regarding the automatic renewal of the Streamlabs Pro subscription. ¶9.4.

## D.    Notice Plan

Streamlabs has an email address associated with each Streamlabs Pro subscriber and shall provide the same to the Claim Administrator. ¶5.3. Notice will be sent directly to all Settlement Class

---

merely recognizes the changes to Defendant's website made on May 17, 2022, and also the fact that, according to Streamlabs, the monthly charge was not $5.99 throughout the entire period.

[4] AbleGamers is a non-profit charity which was created to assist persons with disabilities to socialize through online game playing "in order to combat social isolation, foster inclusive communities, and improve the quality of life for people with disabilities." https://ablegamers.org/impact/. Plaintiff suggested making AbleGamers the *cy pres* recipient and Defendant agrees with that decision. Both Twitch and Logitech, Streamlabs' corporate parent, are supporters/sponsors of AbleGamers, along with Dell Technologies, Microsoft, Humble Bundle, Pepsico, Playstation, Shopify, Alston & Bird (law firm), Hasbro, Christopher & Dana Reeve Foundation, Activision, and many other well-known corporations and organizations. *See, e.g.,* https://www.ablegamers.org/ablegamers-sponsors/.

1  Members primarily through email, and secondarily through online publication and/or regular mail (in

2  instances where emails are returned undeliverable and a physical mailing address is available).  *See*

3  *id.*  Additionally, the Claim Administrator shall establish the Settlement Website, which shall contain

4  the Long Form Notice in both downloadable PDF format and HTML format with a clickable table of

5  contents; answers to frequently asked questions; a Contact Information page that includes the address

6  for the Claim Administrator and addresses and telephone numbers for Plaintiff's Counsel and Defense

7  Counsel; the Agreement; the signed order of Preliminary Approval; a downloadable and online version

8  of the Claim Form; and a downloadable and online version of the form by which Settlement Class

9  Members may opt out of the Settlement Class. ¶5.1.

10  **E.    The Claim Administrator and Administration Expenses**

11  Angeion Group will be retained to serve as Claim Administrator, subject to the approval of

12  the Court. Black Decl., ¶18. Angeion was selected after a competitive bidding process between

13  Angeion, Epiq, AB Data, and EisnerAmper, all of which are established and reputable settlement

14  administrators, considered for this matter based on the prior experience of counsel from both parties.

15  Since Streamlabs is able to provide email contact information, all bids were prepared assuming direct

16  email notice to class members as well as supplemental online advertising, which should be highly

17  effective under the circumstances, where class members registered email addresses with Streamlabs

18  and accessed Streamlabs Pro online. Additionally, bids were prepared assuming primarily digital

19  payments and secondarily payments by check, which is also expected to be highly efficient under the

20  circumstances. Class counsel has not utilized Angeion as settlement administrator within the last two

21  years. *See id.*

22  Angeion has been appointed as administrator in many settlements under the updated N.D. Cal.

23  Procedural Guidance, including the *In re Facebook Inc. Consumer Privacy User Profile Litigation*,

24  Case No. 3:18-md-02843-VC, where Angeion processed the most claims submitted in the history of

25  class actions; and in other technology company settlements, including auto-renewal settlements such

26  as *Nichols v. Noom Inc.*, 1:20-cv-03677 (S.D.N.Y.) and *Robbins v. PlushCare Inc. et al.*, 3:21-cv-

27  03444 (N.D. Cal.). *See* Declaration of Steven Weisbrot ("Weisbrot Decl."), ¶¶ 11, 34 (and Weisbrot

28  Decl. Ex. A). Angeion will maintain robust data security practices. *Id.* ¶¶ 12-16.

It will be the responsibility of the Claim Administrator to maintain the Settlement Website (¶¶4.9, 5.1); implement the Notice Plan (¶ 5.3); design the Claim Form (¶4.3); process Claim Forms and administer the opt-out process, and Settlement Benefit claims process (¶4.6); and pay all Valid Claims (¶ 4.9).  Streamlabs shall pay all reasonable fees, costs and expenses associated with providing notice to the Class Members, and the administration of the Settlement. ¶4.12; *see also* Weisbrot Decl.. ¶ 35 (setting forth fixed cost to be paid by Streamlabs). Such payments shall be made in addition to, and not from, the Settlement Fund. *See id.*

**F.    Attorneys' Fees and Expenses, and Incentive Award for the Representative Plaintiff**

The Settlement Agreement contemplates that Plaintiff's Counsel will move the Court for an award of reasonable attorneys' fees and expenses of up to $1,100,000.00 (25% of the Settlement Fund).[5] ¶7.1. Plaintiff's Counsel will also seek payment of an Incentive Award of $5,000 for Plaintiff Leventhal for her service on behalf of the Settlement Class. Settlement Agreement, ¶7.2. The Incentive Award is not conditioned on Plaintiff's support of the Settlement. Neither is it disproportionately large, or tied to the amount of the Settlement. Plaintiff's Counsel's hours and billing rates, as well as the expenses incurred, will be detailed in the fee and expense application to be filed with the court.  *See* Black Decl., ¶23.[6]

## IV.    ARGUMENT

**A.    Standards for Preliminary Approval of the Settlement**

Pursuant to Fed. R. Civ. P. 23(e), "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." "[T]here is a strong judicial policy that favors

---

[5] Counsel's requested fee is appropriate given the significant direct monetary benefits the class as discussed herein and also Streamlabs' acknowledgement that, subsequent to the filing of this Action, Streamlabs updated its website partly in response to Plaintiff's CLRA Demand Letter, conferring significant ongoing benefit to class members and the general public.  *See* ¶3.1.

[6] In summary, Plaintiff's Counsel expended at least 1,074 hours on the case, for a lodestar of over $871,000 and incurred expenses of $11,859.96, and will be spending additional hours and expenses in seeking preliminary and final approval, as well as responding to class member inquiries and settlement administration.

settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). "[T]he decision to approve or reject a settlement is committed to the sound discretion of the trial judge." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

Preliminary settlement approval necessitates "showing the court will likely be able to (1) 'certify the class for purposes of judgment on the proposal' and (2) 'approve the proposal under Rule 23(e)(2).'" *Gatchalian v. Atl. Recovery Sols., LLC*, No. Case No. 22-cv-04108-JSC, 2023 U.S. Dist. LEXIS 205823, at *8 (N.D. Cal. Nov. 16, 2023) (*quoting* Fed. R. Civ P. 23(e)(2)(B)); *accord Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) ("[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement."). So long as the Court finds that the parties have satisfied these two elements, "the class will be notified, and a final fairness hearing will be scheduled to determine if the settlement is fair, adequate, and reasonable under Federal Rule of Civil Procedure 23." *Gatchalian*, 2023 U.S. Dist. LEXIS 205823, at *8-9.

## B.    The Court Will Likely Be Able to Certify the Settlement Class

Likelihood of certification requires showing that the settlement class meets all four requirements of Rule 23(a) and one of the requirements of Rule 23(b). *Gatchalian,* 2023 U.S. Dist. LEXIS 205823, at *9 (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)). Under Rule 23(a), (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) the representative parties must fairly and adequately protect the interests of the class. Furthermore, for a class to be certified under Rule 23(b)(3), "the questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

While "[t]he ultimate decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement," Fed. R. Civ. P. 23(e) Advisory Committee's Note to 2018 Amendment, this Court will likely be able to certify the Settlement Class

1  because the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—

2  have been met, as well as the dual requirements of predominance and superiority under Rule 23(b).

### 1.   The Settlement Class Members Are Too Numerous to Be Joined

4  Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is

5  impracticable."   While there is no fixed number that satisfies the numerosity requirement, courts

6  generally "find the numerosity requirement satisfied when a class includes at least 40 members."

7  *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010); *see* 5 Moore's Federal Practice—Civil §

8  23.22 (2016) (a "class of 41 or more is usually sufficiently numerous.").   Here, Streamlabs has

9  identified over 509,000 prospective Settlement Class Members in its records.   The numerosity

10  requirement is plainly met.

### 2.   Common Questions of Law and Fact Predominate

12  Rule 23(a)(2) requires that "there are questions of law or fact common to the class."   The

13  "commonality requirement has been 'construed permissively,' and its requirements deemed

14  'minimal.'" *Estrella v. Freedom Fin'l Network*, No. C 09-03156 SI, 2010 U.S. Dist. LEXIS 61236, at

15  *25 (N.D. Cal. June 2, 2010) (citation omitted). In fact, "all questions of fact and law need not be

16  common to satisfy the rule … a single common question will do." *Des Roches v. Cal. Physicians'*

17  *Serv.*, 320 F.R.D. 486, 496 (N.D. Cal. 2017).   This Action raises numerous questions of law and fact

18  common to the Settlement Class, including (i) whether Defendant's conduct violated California's

19  Unfair Competition Law; (ii) whether Defendant's conduct violated California's Consumers Legal

20  Remedies Act; (iii) whether Defendant failed to adequately disclose material information that would

21  have informed reasonable consumers that adding a GIF or effect to a donation would automatically

22  enroll them in a Streamlabs Pro subscription; and (iv) whether Defendant failed to adequately disclose

23  material information that would have informed reasonable consumers that a Streamlabs Pro

24  subscription automatically renews each month (for a monthly subscription fee).

### 3.   Plaintiff's Claims Are Typical of the Class

26  Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of

27  the claims or defenses of the class." Typicality "ensures that 'the named plaintiff's claim and the class

28  claims are so interrelated that the interests of the class members will be fairly and adequately protected

– 8 –

in their absence.'" *Gold v. Midland Credit Mgmt.,* 306 F.R.D. 623, 631 (N.D. Cal 2014) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982)).  Plaintiff's claims are typical of the claims of the Settlement Class.  Like the other Settlement Class Members, Plaintiff was automatically enrolled in an automatically renewing Streamlabs Pro subscription after adding a GIF or effect to her donation, and was subsequently billed a monthly fee for the subscription after the first charge for her initial GIF or effect. Defendant's practices did not uniquely target Plaintiff; its conduct, website, and disclosures were the same as to all Settlement Class members.  Her claims and the claims of the Settlement Class Members arise out of the same common course of conduct by Defendant.

    4.   <u>Plaintiff and Plaintiff's Counsel Will Fairly and Adequately Protect the Interests of the Class</u>

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  The questions posed by the adequacy requirement are "(1) [d]o the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1031 (9th Cir. 2012).

Here, Plaintiff's Counsel has distinguished experience litigating and resolving complex consumer class actions, and is well-suited to competently represent the interests of the Settlement Class.  As detailed above, Plaintiff's Counsel has skillfully and knowledgeably prosecuted this Action from the outset, and will continue to do so.  Likewise, Plaintiff readily provided documents, communications, and information about her dealings with Streamlabs and Streamlabs Pro in response to Defendant's discovery requests, and has eagerly communicated with her counsel about this Action, providing feedback and insights as needed.  *See* Leventhal Decl., ¶ 6.  Both Plaintiff and Plaintiff's Counsel have vigorously represented the Settlement Class—as demonstrated by the substantial relief obtained via the Settlement.

Moreover, there is no conflict between Plaintiff's and Plaintiff's Counsel's interests, and those of the Settlement Class Members.  All Settlement Class Members, including Plaintiff, were automatically enrolled in Streamlabs Pro automatic renewal subscriptions by Defendant, and were

1   subsequently charged subscriptions fees in the following months. Her claims are perfectly aligned with

2   those of the Settlement Class.

3           5.    <u>Common Issues of Law and Fact Predominate for Settlement Purposes</u>

4           Rule 23(b)(3) further requires that "the questions of law or fact common to class members

5   predominate over any questions affecting only individual members."  Predominance "'trains on the

6   legal or factual questions that qualify each class member's case as a genuine controversy, questions

7   that preexist any settlement,' and 'tests whether proposed classes are sufficiently cohesive to warrant

8   adjudication by representation.'" *Gatchalian,* 2023 U.S. Dist. LEXIS 205823, at *14 (quoting *Amchem*

9   *Prods. v. Windsor,* 521 U.S. 591, 594 (1997)).

10          Here, common issues of law and fact predominate.   The California consumer protection laws

11  apply an objective reasonable consumer standard and do not require proof of individual reliance.  *See*

12  *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020-23 (9th Cir. 2011); *Guzman v. Polaris Indus.,*

13  *Inc.*, 345 F.R.D. 174, 185-86 (C.D. Cal. 2023).  Defendant's alleged liability arises from a common

14  course of conduct and the core question of whether Defendant's conduct was materially misleading to

15  a reasonable consumer; consequently, the central issues in this case are common to all Settlement

16  Class members and predominate over any individual issue that might arise.

17          6.    <u>A Class Action is Superior to Other Available Means of Adjudication</u>

18          Rule 23(b)(3) also requires that "a class action is superior to other available methods." The

19  rule further states that "[t]he matters pertinent to these findings include:

20          **(A)** the class members' interests in individually controlling the prosecution or defense

21          of separate actions;

22          **(B)** the extent and nature of any litigation concerning the controversy already begun by

23          or against class members;

24          **(C)** the desirability or undesirability of concentrating the litigation of the claims in the

25          particular forum; and

26          **(D)** the likely difficulties in managing a class action."

27  *Id.* When "confronted with a request for settlement-only class certification, a district court need not

28  inquire whether the case, if tried, would present intractable management problems, for the proposal is

1   that there be no trial." *Gatchalian,* 2023 U.S. Dist. LEXIS 205823, at *16 (quoting *Amchem Prods.,*

2   521 U.S. at 620).

3          The Settlement Class Members' interest in individually controlling the prosecution of separate

4   actions is *de minimis* because the monthly subscription fees Defendant charged Plaintiff and the

5   individual Settlement Class Members during the Class Period was generally $5.99. It would not make

6   economic sense for individual Settlement Class Members to litigate their claims as individual actions

7   because the "litigation costs would dwarf potential recovery."  *Hanlon*, 150 F.3d at 1023; *see Leyva*

8   *v. Medline Indus., Inc.*, 716 F.3d 510, 515 (9th Cir. 2013) ("In light of the small size of the putative

9   class members' potential individual monetary recovery, class certification may be the only feasible

10  means for them to adjudicate their claims. Thus, class certification is also the superior method of

11  adjudication").  On the one hand, this Action allows for the vindication of important consumer rights

12  that would otherwise go unasserted. Certification of the Settlement Class "would achieve economies

13  of time, effort, and expense, and promote uniformity." *Gatchalian,* 2023 U.S. Dist. LEXIS 205823, at

14  *17.  A class action is not only superior under the circumstances, but for all intents and purposes, the

15  exclusive recourse of the Settlement Class.

16         The proposed Settlement Class decidedly satisfies the requirements of Rules 23(a) and (b)(3).

17  Thus, the Court will likely be able to certify the proposed class for purposes of this Settlement.

18         **C.    The Proposed Settlement Is Fair, Reasonable, and Adequate**

19         Pursuant to Rule 23(e)(2), a preliminary determination of the fairness, adequacy, and

20  reasonableness, of a class action requires a showing that:

21         (a) the class representatives and class counsel have adequately represented the

22         class;

23         (b) the proposal was negotiated at arm's length;

24         (c) the relief provided for the class is adequate…; and

25         (d) the proposal treats class members equitably relative to each other.

26         The Ninth Circuit has long recognized that the "primary concern" of Rule 23(e), which requires

27  a district court to determine whether a proposed class action settlement is fair, adequate, and

28  reasonable, "is the protection of th[e] class members, including the named plaintiffs, whose rights may

1    not have been given due regard by the negotiating parties." *Officers for Justice v. Civil Service*

2    *Comm'n of the City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982), *cert. denied* 459

3    U.S. 1217 (1983). Thus, courts may only grant preliminary approval "where 'the proposed settlement

4    appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies,

5    does not improperly grant preferential treatment to class representatives or segments of the class, and

6    falls within the range of possible approval.'" *Gatchalian*, 2023 U.S. Dist. LEXIS 205823, at *19

7    (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).  Here, the

8    proposed Settlement is fair, reasonable, and adequate.

9        1.   The Proposed Settlement Resulted from Arms' Length Negotiations by

10           Experienced and Informed Counsel

11       The requirements set forth in Rule 23(e)(2) provide that "[t]he proposed settlement need not

12   be ideal, but it must be fair, free of collusion, consistent with counsel's fiduciary obligations to the

13   class." *De La Torre v. CashCall, Inc.*, Case No. 08-cv-03174-MEJ, 2017 U.S. Dist. LEXIS 96041, at

14   *27 (N.D. Cal. June 21, 2017) (quoting *Deatrick v. Securitas Sec. Servs. USA, Inc.*, No. 13-cv-05016-

15   JST, 2016 U.S. Dist. LEXIS 132746, at *10 (N.D. Cal. Sept. 27, 2016)).

16       The Settlement here is the result of good faith arms' length negotiations by Plaintiff's Counsel

17   and Defendant's Counsel. There was no collusion, fraud, or overreach. Rather, the Settlement is the

18   result of hard-fought, adversarial, and comprehensive negotiations, that spanned several weeks under

19   the direction of the John Bates of JAMS in the aftermath of the Parties' September 28, 2023 mediation

20   session. It is the culmination of the Parties' and their counsels' evolving grasp of the factual and legal

21   issues of the litigation over a two-year period.

22       Moreover, Plaintiff's Counsel, who are experienced in the prosecution and resolution of

23   complex consumer class actions, have carefully evaluated the merits of Plaintiff's case and the

24   proposed Settlement.  While Plaintiff's Counsel believes Plaintiff and the Settlement Class have a

25   strong case, Plaintiff's Counsel is also cognizant of the significant challenges inherent in consumer

26   class litigation, and believe the proposed Settlement is in the best interests of the Settlement Class.

27

28

2.    <u>Plaintiff and Plaintiff's Counsel Have Adequately Represented the Settlement Class</u>

As a direct result of Plaintiff and Plaintiff's Counsel's commendable and efficient advocacy and representation of the Settlement Class, the Parties were able to come to a constructive and beneficial resolution that provides meaningful relief to the Settlement Class.

Plaintiff's Counsel thoroughly and extensively investigated the facts underlying the claims and allegations in the Complaint; successfully briefed and prevailed against Defendant's Motion to Dismiss; engaged in fact discovery, while vigorously attempting to resolve multiple complicated discovery disputes; prepared a comprehensive mediation statement in anticipation of the Parties' mediation session; and meaningfully participated in the September 28, 2023 mediation session and the ensuing settlement negotiations with Defense Counsel.  Likewise, throughout this Action, Plaintiff offered essential insights into her dealings with Streamlabs and Streamlabs Pro. Not only did she produce pertinent information and documentation illustrating her experience with Defendant, but Plaintiff eagerly communicated with her counsel to review and approve the mediation statement, and most recently, the Settlement Agreement.

3.    <u>The Settlement Provides Adequate Relief</u>

The Settlement provides for a $4.4 million Settlement Fund, to be distributed *pro rata* to each Settlement Class Member that submits a Valid Claim.  This relief is excellent, in that participating Settlement Class Members can each receive up to a full refund for each automatically renewing monthly Streamlabs Pro subscription charge during the Class Period (less the amount of any refunded monthly payments the Authorized Claimant had already received). Since there are over 509,000 Settlement Class Members, at a typical $5.99 monthly charge, the Net Settlement Fund would provide more than one month's worth of refund in the event that every Settlement Class Member participates. Should fewer than all Settlement Class Members participate, the fund is likely to provide a larger refund for those Settlement Class Members who paid more than one monthly fee.

Streamlabs' revenue net of refunds from Streamlabs Pro over the class period was ██████████ representing the theoretical maximum recovery if Plaintiff obtained a litigated class certification and fully prevailed on any or all of her claims, and assuming that every Streamlabs Pro

– 13 –

1    subscriber had enrolled in auto-renewal unintentionally. Black Decl., Ex. E. The settlement amount here

2    represents ███████ of this net revenue, which is an appropriate discount given the risks and delay inherent

3    to class certification, summary judgment, and trial, and since not all Streamlabs Pro subscribers will have

4    subscribed unintentionally so as to be eligible to recover.  Notably, this Settlement is favorable compared

5    to the range of comparable autorenewal settlements.[7]

6    Rule 23(e)(2) provides that when deliberating the adequacy of the relief afforded to the class by

7    the proposed settlement, the Court must weigh: (i) the costs, risks, and delay of trial and appeal; (ii) the

8    effectiveness of any proposed method of distributing relief to the class, including the method of

9    processing class member claims; (iii) the terms of any proposed award of attorney's fees, including timing

10   of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

11   In so doing, the following considerations have been considered pertinent: (1) the amount of the

12   settlement in light of the class's potential recovery, discounted by the costs, risks, and delay of trial and

13   appeal; (2) the extent to which the parties have engaged in sufficient discovery to evaluate the merits of

14   the case; (3) the complexity and potential costs of trial; (4) the recommendations of experienced counsel;

15   (5) unreasonably high attorney's fees as well as timing of attorney's fees; (6) unduly preferential treatment

16   of class representatives; (7) deficient notice plan; (8) the effectiveness and burdensomeness of any

17   proposed method of distributing relief to the class, including the method of processing class-member

18   claims; (9) plainly unfair allocation scheme; and (10) overly-broad releases of liability. Newberg on Class

19   Actions § 13:15 (5th ed.)); *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th

20   Cir. 2011); *De La Torre*, 2017 U.S. Dist. LEXIS 96041, at *27.

21   "A settlement is not judged against only the amount that might have been recovered had the

22   plaintiff prevailed at trial, nor must the settlement provide 100% of the damages sought to be fair and

23   reasonable." *Knutson v. Schwan's Home Serv.*, Case No.: 3:12-cv-00964-GPC-DHB, 2014 U.S. Dist.

---

[7] *Nichols v. Noom Inc.*, 1:20-cv-03677, (S.D.N.Y.) ECF 495 at 38 & ECF 519 (cash value of settlement in auto-renewal case achieved after significant discovery was 27.5% of what plaintiffs would have sought at trial); *cf. Noll v. eBay, Inc.*, 309 F.R.D. 593, 607 (N.D. Cal. 2015) (approving settlement representing 9% of all renewal fees); *Kissel v. Code 42 Software, Inc.*, No. SACV 15-1936-JLS (KES), 2017 U.S. Dist. LEXIS 223526, at *23 (C.D. Cal. Oct. 4, 2017) (approving settlement in amount representing approximately 3.7% of Defendant's maximum potential liability and 10.3% of a more realistic mid-range liability estimate).

LEXIS 99637, at *9 (S.D. Cal. July 14, 2014) (citation omitted). Thus, there is a "'range of reasonableness' in determining whether to approve settlements, "which recognizes the uncertainties of law and fact in any particular cause and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Id.* (quoting *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005)).

In light of potentialities, both foreseeable and unforeseeable, that may arise in this Action, the proposed Settlement, as previously described, provides substantial relief to Plaintiff and all Settlement Class Members. While Plaintiff believes that the Settlement Class has meritorious claims, Defendant continues to deny each and all of the claims and contentions asserted by Plaintiff. Here, the proposed Settlement provides Plaintiff and the Settlement Class with immediate relief, avoiding the inevitable delays and appeals that they would face while continuing to litigate this Action. More importantly, in light of the risks of continued litigation, including the possibility of unfavorable, and potentially dispositive, rulings going forward (and thus, no recovery whatsoever), the proposed Settlement is favorable in that it provides the Settlement Class with guaranteed monetary relief.

4.   The Proposed Settlement Treats Settlement Class Members Equitably

The proposed Settlement provides for a fair, reasonable, and adequate method for allocating the proceeds of the Net Settlement Fund among eligible claimants and treats all Settlement Class Members equitably, as required by Fed. R. Civ. P. 23(e)(2)(D). Each Authorized Claimant, including Plaintiff, will receive a distribution of the Net Settlement Fund on the same *pro rata* basis, based on the number of months they paid Streamlabs for the Streamlabs Pro automatically renewing subscription.

As noted, the Claims Process is simple and straightforward. Settlement Class Members will be able to submit their completed Claim Form via the Settlement Website or by mailing the Claim Form to the Claims Administrator. In the unlikely event that a Settlement Class Member misinterprets the Claims Process, the Long-Form Notice, the E-mail Notice, and Online Advertisement Notices will include a URL and hyperlink to the Settlement Website, where Settlement Class Members can find: (i) the answers to frequently asked questions, (ii) the mailing address and telephone number for the Claims Administrator, and (iii) the mailing addresses and telephone numbers for Plaintiff's Counsel

– 15 –

1   and Defense Counsel. Angeion estimates that claims rate in this matter will be 15% based on prior

2   comparable settlements. *See* Weisbrot Decl., ¶ 34.

3        Moreover, the Settlement Agreement does not improperly grant preferential treatment to any

4   Settlement Class Members, including Plaintiff. "[T]he Ninth Circuit has recognized that service

5   awards to named plaintiffs in a class action are permissible and do not render a settlement unfair or

6   unreasonable." *De La Torre*, 2017 U.S. Dist. LEXIS 96041, at *25-26 (quoting *Harris v. Vector Mktg.*

7   *Corp.*, No. C-08-5198 EMC, 2011 U.S. Dist. LEXIS 48878, at *28 (N.D. Cal. Apr. 29, 2011) (citation

8   omitted)). Plaintiff Leventhal's work on behalf of the Settlement Class has been remarkable and is

9   deserving of commendation. Here, Plaintiff's contributions to the litigation of this Action, as

10  previously described, justify the request for a modest Incentive Award.

11       In light of these considerations, the proposed Settlement is fair, reasonable, and adequate.

12  Therefore, the Court should grant preliminary approval of the proposed Settlement.

13       **D.      The Proposed Notice Plan Should Be Approved**

14       Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class

15  members who would be bound by the proposal." Rule 23(c)(2)(B) further provides that where the

16  proposed class is to be certified under Rule 23(b)(3):

17       the court must direct to class members the best notice that is practicable under the

18       circumstances, including individual notice to all members who can be identified

19       through reasonable effort. The notice may be by one or more of the following: United

20       States mail, electronic means, or other appropriate means. The notice must clearly and

21       concisely state in plain, easily understood language: **(i)** the nature of the action; **(ii)** the

22       definition of the class certified; **(iii)** the class claims, issues, or defenses; **(iv)** that a

23       class member may enter an appearance through an attorney if the member so desires;

24       **(v)** that the court will exclude from the class any member who requests exclusion;

25       **(vi)** the time and manner for requesting exclusion; and **(vii)** the binding effect of a class

26       judgment on members under Rule 23(c)(3).

27  Settlement notice in a class action is satisfactory if it "generally describes the terms of the settlement

28  in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be

heard." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004). Angeion will also provide CAFA notice. *See* Weisbrot Decl., ¶ 33.

The proposed Notice Plan here satisfies every requirement set forth under Rule 23(c)(2)(B) and clearly and thoroughly explains all of the information required thereby. Most importantly, the Notice Plan provides for direct individual Settlement Class Member notice via email, at email addresses to be provided by Streamlabs. Direct, individual notification by email is especially practicable and likely to be highly effective under the circumstances. *See* Weisbrot Decl., ¶¶ 17-24.

## V.    PROPOSED SCHEDULE

Plaintiff submits the following schedule for the Court's review and approval, as set forth in the proposed order hereto:

| | |
|---|---|
| Notice Date | **21 days after entry of this Preliminary Approval Order** |
| Claim Filing Deadline | **60 Days after Final Approval Order** |
| Last day for Settlement Class Counsel to file motion for an award of Settlement Class Counsel attorneys' fees, costs, and expenses and/or Incentive Award | **49 days prior to the Final Approval hearing** |
| Deadline to Opt Out or Object or Comment on the Settlement | **21 days after filing of Final Approval motion** |
| Last day for Claim Administrator to certify to the Court that it has complied with the requirements set forth in the Notice Plan | **14 days before Final Approval hearing** |
| Last day for Plaintiff's Counsel to file list of Settlement Class Members who have excluded themselves from the Settlement Class | **14 days before Final Approval hearing** |
| Last day for Parties to file responses to any Settlement Class Member objections or requests to intervene and any replies in support of final settlement approval. | **14 days before Final Approval hearing** |
| Final Approval hearing | **[*at least 100 days after the Notice Date*]** |

## VI.    CONCLUSION

Plaintiff, with the consent of Defendant, respectfully requests that the Court enters the accompanying proposed Preliminary Approval Order.

DATED:  July 25, 2024                     Respectfully submitted,


/s/ Patricia I. Avery
Patricia I. Avery (admitted *Pro Hac Vice*)
Philip M. Black (SBN 308619)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Email: pavery@wolfpopper.com
           pblack@wolfpopper.com

*Attorneys for Plaintiff and the Proposed Class*

Kristin J. Moody (SBN 206326)
Alexander S. Vahdat (SBN 284963)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6282
Email: kmoody@bermantabacco.com
           avahdat@bermantabacco.com

*Local Counsel for Plaintiff and the Proposed Class*