1  Kristin J. Moody (SBN 206326)
   Alexander S. Vahdat (SBN 284963)
2  **BERMAN TABACCO**
   425 California Street, Suite 2300
3  San Francisco, CA 94104
   Telephone: (415) 433-3200
4  Facsimile: (415) 433-6382
   Email: kmoody@bermantabacco.com
5         avahdat@bermantabacco.com

6  *Local Counsel for Plaintiff and the Proposed Class*

7  Patricia I. Avery (admitted *Pro Hac Vice*)
   Philip M. Black (SBN 308619)
8  **WOLF POPPER LLP**
   845 Third Avenue
9  New York, NY 10022
   Telephone: (212) 759-4600
10 Email: pavery@wolfpopper.com
          pblack@wolfpopper.com
11
   *Attorneys for Plaintiff and the Proposed Class*
12
   Joseph E. Addiego III (CA SBN 169522)
13 Jean Fundakowski (CA SBN 328796)
   **DAVIS WRIGHT TREMAINE LLP**
14 50 California Street, 23rd Floor
   San Francisco, CA 94111
15 Telephone: (415) 276-6500
   Facsimile: (415) 276-6599
16 Email: joeaddiego@dwt.com
          jeanfundakowski@dwt.com
17
   *Attorneys for Defendant Streamlabs, LLC*
18

19              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
20                  **SAN FRANCISCO DIVISION**

21

22 | ZARA LEVENTHAL, individually and on behalf of all others similarly situated, | ) ) | Case Number: 3:22-cv-01330-LB |
|---|---|---|
|                        Plaintiff, | ) ) ) | **CLASS ACTION** |
|  vs. | ) ) ) | [~~PROPOSED~~] **FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT** |
| STREAMLABS, LLC, | ) ) ) |  |
|                        Defendant. | ) ) ) |  |

[No. 3:22-cv-01330-LB] [PROPOSED] FINAL JUDGMENT AND ORDER

WHEREAS:

A class action captioned *Zara Leventhal, individually and on behalf of all others similarly situated, v. Streamlabs, LLC*, Case No. 3:22-cv-01330-LB is pending before this Court (the "Action").  Plaintiff Zara Leventhal ("Plaintiff"), on her own behalf and on behalf of the Class (defined below) and defendant Streamlabs, LLC ("Defendant" or "Streamlabs") have jointly entered, by and through their respective counsel, into a Settlement of the claims asserted in the Action, the terms of which are set forth in a Settlement Agreement, dated July 17, 2024 (the "Settlement Agreement" or "Agreement"), subject to approval of the Court.

Currently pending before the Court is (1) Plaintiff's Motion for Final Approval of Class Action Settlement and Certification of Settlement Class and (2) Plaintiff's Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, and an Incentive Award to the Class Representative. ECF Nos. 97, 98, 99.  Having reviewed the papers, held a fairness hearing, and taken the matter under submission, the Court grants the Motion finally certifying the Class and granting final approval of the proposed Settlement, awarding Plaintiff an incentive award, and awarding Attorneys' fees, costs and expenses to Plaintiff's Class Counsel.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, the Class (as defined in the Settlement Agreement). Excluded are those who timely and validly requested exclusion from the Settlement in accordance with the Settlement Agreement and exhibits thereto.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Plaintiff Zara Leventhal is appointed as the Class representatives, and Plaintiffs' counsel Wolf Popper LLP and Berman Tabacco are appointed as counsel for the Class.

The Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the Class Members are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are common questions of law and fact which predominate over any individual questions; (c) the claims of the Class representative are typical of the claims of the Class Members they represent; (d) Class representative and Class Counsel

1  have, under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure, fairly and adequately

2  represented and protected the interests of all Class Members and will continue to do so; and (e) a

3  class action is superior to other available methods for the fair and efficient adjudication of the

4  controversy, considering:  (i) the interests of Class Members in individually controlling the

5  prosecution of separate actions; (ii) the extent and nature of any litigation concerning the

6  controversy already commenced by Class Members; (iii) the desirability or undesirability of

7  continuing the Action in this particular forum; and (iv) the likely difficulties in managing the

8  Action.

9        This Court finds that the distribution of the Notice and the form and methodology of

10 notice:  (a) constituted the best practicable notice to Class Members under the circumstances;

11 (b) were reasonably calculated, under the circumstances, to apprise Class Members of:  (i) the

12 nature of the Action; (ii) the definition of the Class to be certified; (iii) the claims, issues, and

13 Defendant's defenses; (iv) the terms and effect of the proposed Settlement of this Action; (v) their

14 right to exclude themselves from the Settlement; (vi) their right to object to any aspect of the

15 proposed Settlement; (vii) their right to appear at the Final Approval Hearing, either on their own

16 or through counsel hired at their own expense, if they did not exclude themselves from the

17 Settlement; and (viii) the binding effect of the proceedings, rulings, orders, and judgments in this

18 Action, whether favorable or unfavorable, on all persons who are not excluded from the

19 Settlement; (c) were reasonable and constituted due, adequate, and sufficient notice to all entitled

20 to be provided with notice; and (d) fully satisfied all applicable requirements of the Federal Rules

21 of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the

22 Due Process Clause), the Rules of the Court, the Class Action Fairness Act, 28 U.S.C. § 1715,

23 and any other applicable law.

24       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the

25 Settlement is the result of arm's-length negotiations between experienced counsel representing

26 the interests of the Parties, under the auspices of a neutral Mediator from JAMS, and hereby fully

27 and finally approves the Settlement as fair, reasonable, and adequate as to, and in the best

28 interests of, each of the Parties and the Class Members.  Accordingly, the Parties and their

1  counsel are hereby authorized and directed to implement and consummate the Settlement in
2  accordance with its terms and conditions and this Order.
3       Plaintiff Zara Leventhal shall be paid a service award of $5,000, in accordance with the
4  terms of the Settlement Agreement.
5       Plaintiffs' counsel shall be paid $1,100,000 in attorneys' fees and expenses, in accordance
6  with the terms of the Settlement Agreement.
7       The Claims Administrator, Angeion Group, shall be paid for its fees and expenses in
8  accordance with the terms of the Settlement Agreement and Defendant's agreement with the
9  Claims Administrator.
10      The Action and all Released Claims as defined in the Settlement Agreement are dismissed
11 with prejudice in their entirety.  The Parties shall bear their own costs, except as and to the extent
12 provided in the Settlement Agreement, this Final Judgment and Order ("Judgment"), or any other
13 Order by this Court awarding attorneys' fees and expenses.
14      Upon the Effective Date, the Class representatives and all other Class Members, and all
15 others claiming through or on behalf of any of them, and Class Counsel, shall be:  (a) deemed to
16 have, and by operation of the Judgment shall have, fully, finally, and forever released,
17 relinquished, discharged, and dismissed all Released Claims against Defendant and the Released
18 Parties as defined in the Settlement Agreement; (b) subject to and bound by the provisions of the
19 Settlement Agreement and this Judgment, the releases contained herein, and by all other
20 proceedings, rulings, orders, determinations and judgments in this Action, whether favorable or
21 unfavorable to the Class Members; and (c) permanently barred and enjoined from commencing,
22 instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or
23 equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the
24 Released Claims against Defendant; provided, however, that nothing herein shall in any way
25 restrict or impair any Party's right to enforce the terms of the Settlement.
26      Upon the Effective Date, Defendant shall be:  (a) deemed to have, and by operation of the
27 Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff
28 and Class Counsel from all claims arising out of or relating to the institution, prosecution,

assertion, settlement, or resolution of the Action; provided, however, that nothing herein shall in any way restrict or impair the rights of any Party to enforce the terms of the Settlement Agreement and this Judgment; and (b) permanently barred and enjoined from commencing, instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any such claims against Plaintiff and/or Class Counsel.

This Judgment, the Settlement, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Settlement, and all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: may not be deemed to be or used as an admission of, or evidence of, the validity or invalidity of any Released Claims, or of any wrongdoing or liability of Defendant; and may not be deemed to be or used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  However, any party to this Action may file the Settlement Agreement and/or this Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Distributions to Class Members shall be made in accordance with the method outlined in the Settlement Agreement.

Any remaining funds shall be distributed by Plaintiff's Counsel to The AbleGamers Foundation Inc., a §501(c)(3) non-profit charitable organization.

Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over:  (a) implementation of the Settlement; (b) the award of attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (c) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

Any orders regarding the implementation of the Settlement, the distribution of Settlement proceeds, attorneys' fees and expenses, or an award to the Class representative, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Judgment.

The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Judgment.

This disposes of ECF Nos. 97 and 98.

**IT IS SO ORDERED.**

Dated: January 30, 2025

_____
LAUREL BEELER
United States Magistrate Judge